IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. UPSHAW,
    Plaintiff

v.

AMAZON,
    Defendant.

Civil Action No.:

## COMPLAINT

### Preliminary Statement

This action is brought by an employee against his employer for discrimination based on race, gender and age in violation of Civil Rights Act of 1866, 42 U.S.C. §1981, *as amended* by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII"); and Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

Plaintiff seeks front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1. Original jurisdiction over Plaintiff's federal question claims is conferred upon this Court pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court pursuant to 28 U.S.C. § 1367(a).

2. Venue lies in this district by 28 U.S.C. § 1391 (c) in that Defendant resides in this district.

3. Plaintiff has exhausted his administrative remedies under Title VII.

4. On or about May 21, 2019, Plaintiff dually filed an administrative complaint against

Defendant Amazon ("Amazon" or "Employer") with United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging race, gender and age discrimination.

5. On or about November 26, 2019, Plaintiff received EEOC's Notice of Right to Sue letter.

A true and correct copy of EEOC's Right to Sue Letter is attached as Exhibit "A".

6. Plaintiff anticipates receiving a similar closure letter from the PHRC.

**Parties**

7. Plaintiff MICHAEL A. UPSHAW ("Plaintiff" or "Upshaw") is an adult person and a citizen of the United States. Plaintiff resides in Elkins Park, Pennsylvania. At all times relevant to this action, Plaintiff is employed by Defendant Amazon.

8. Defendant AMAZON is described as a multinational technology company headquartered in Seattle, Washington with more than 800,000 employees nationwide and principal places of business in this district.

**Factual Allegations**

9. Plaintiff is an African American male over the age of 40 years old.

10. Defendant Amazon hired Plaintiff in September 2017 as a Pack Singles Associate at its Fulfillment Center in Robbinsville, NJ ("EWR4").

11. In October 2018, Plaintiff became an Ambassador in the Pack Singles department.

12. At all times relevant to this action, the following existed at EWR4:

    a. Tim Hayner ("Hayner")(Caucasian male) was an Operations Manager.

    b. Mike Gargano ("Gargano")(Caucasian male) was one of Plaintiff's Pack Singles Area Manager (front half manager).

    c. Victor Thompson ("Thompson")(Caucasian male) was one of Plaintiff's Pack

Singles Area manager (back half manager).

    d. Antoinette ("Annie") Johnson ("Johnson")(African American female) was one of Plaintiff's Pack Singles manager (front half manager).

    e. Corliss McQuaige ("McQuaige")(African American female) was an Amazon Human Resources Representative.

    f. Quiman Brown ("Brown")(African American male) was Process Assistant to Thompson.

    g. Heather Park ("Park")(Caucasian female) was a Pack Singles Associate under the age of 40 years old.

    h. Joy Ottens ("Ottens")(Caucasian female) was a Pack Singles Associate under the age of 40 years old.

    i. Janis Wince ("Wince")(Caucasian female) was a Pack Singles Associate under the age of 40 years old.

    j. Katie Brooks ("Brooks")(Caucasian female) was a Pack Singles Associate.

    k. Phil Roettcher ("Roettcher")(Caucasian male) was a Pack Singles Associate.

    l. Kenya Mitchell ("Mitchell")(African American female) was a Pack Singles Associate under the age of 40 years old.

    m. Emmanuel Carter ("Carter")(naturalized American citizen of African descent) was a Pack Singles Associate.

### COUNT I
### Race Discrimination – Disparate Treatment

13. Plaintiff re-avers and incorporates by reference the averments in all paragraphs, *supra*.

14. Plaintiff is a member of a protected class.

15. Plaintiff is currently a Pack Singles Associate out on medical leave.

16. Plaintiff is qualified for the position of Pack Singles Associate.

17. Plaintiff is qualified for the position of Ambassador.

18. Plaintiff is qualified for the position of Outbound Putback Associate.

19. Working in the Pack Singles area is a physically demanding job requiring an associate to stand at a station all day, reach up and pull down totes off of a conveyor belt, then scan, box and package the box for delivery to customers, while achieving certain daily rates.

20. Failing to reach daily rates can result in disciplinary actions including, but not limited to, write ups and termination.

21. During peak seasons, Pack Singles associates are required to work 11 hour days, 5 days a week.

22. During non-peak seasons, Pack Singles associates work on average 10 hour days, 4 days a week.

23. In December 2018, during peak season, Plaintiff began to make complaint to McQuaige on numerous occasions about how he and other African American Pack Singles (known as PATH roles – packaging) associates were not being given the same opportunities as non-protected class (Caucasian) Pack Singles associates to rotate into Indirect Roles positions in Outbound Putback, IOL and SLAM areas.

24. Indirect Roles are less stressful and less stressful job assignments, in part, because there are no daily rate making requirements.

25. Specifically, in December 2018, Plaintiff and Mitchell began to receive limited Indirect Role work assignments in the Outbound Putback department, however, they were not being given the same opportunities to work in Outbound Putback as Park, Ottens, Wince, Brooks and Roettcher, non-protected class (Caucasian) Pack Singles associates who were being given more opportunities and time in the Outbound Putback department.

26. Another protected class (African American) Pack Singles associate, Carter was not

given any opportunities to rotate into Indirect Role work assignments including, but not limited to, the Outbound Putback area.

27. On or about February 11, 2019, Hayner told Plaintiff no one from Pack Singles area would be working indirect roles in the Outbound Putback area. Specifically, Hayner said "Outbound Putback is shut down, and no one from Pack Singles would be working in this area."

28. However, Park, Ottens, Wince, Brooks and Roettcher continued working in the Outbound Putback area from on or about February 11, 2019 and continued to do so at all times relevant to this matter.

29. Thereafter, on Wednesday, February 20, 2019, Plaintiff and Mitchell went to McQuaige to discuss the continuing issues of protected class (African American) Pack Singles associates not having the same opportunities to rotate into Indirect Role work assignments as non-protected class (Caucasian) Pack Singles associates

30. McQuaige informed Plaintiff and Mitchell of a new system in place, and suggested they apply for other positions in the Indirect Role areas of Outbound Putback, IOL and SLAM, and escorted both Plaintiff and Mitchell to the company kiosk to personally show them what to do and what jobs were available.

31. McQuaige further informed Plaintiff the policy for applying for indirect roles required not having any write-ups, productivity rate of at least 80% and applying on the company kiosk.

32. Based on this policy requirements for indirect roles, McQuaige assured Plaintiff he was cleared to apply.

33. Plaintiff completed the application process before the cutoff date for the positions available in the IOL and SLAM departments. Mitchell did the same.

34. Later, when Plaintiff met with Gargano to find out the status of his indirect roles applications, Gargano states the jobs applied for were not available and that the list at the kiosk

was wrong. Gargano instructed Plaintiff to apply again in approximately 3 months.

35. Amazon through it managers Hayner, Gargano and Thompson failed to rotate him and other protected class (African American) Pack Singles associates into Indirect Role assignments and failed to consider his application for such positions, while at the same time rotating Park, Ottens, Wince, Brooks and Roettcher into such roles is based on race.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

## COUNT II
### Race Discrimination – Retaliation

36. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra*.

37. Plaintiff engaged in protected activity when he made complaints to Human Resources Representative McQuaige and Manager Johnson regarding disparate treatment based on race in the Pack Singles department.

38. Plaintiff engaged in protected activity when he addressed the Gemba Board.

39. On February 7, 2019, Brown asked Plaintiff to participate in the Gemba Board meeting.

40. The Gemba Board consists of a series of questions and/or concerns that are addressed in front of a group of managers and a Human Resources representative.

41. The questions generally consist of: (a) what are positives concerning the job; (b) safety concerns; and (c) negative concerns.

42. Before going to the Gemba Board meeting, managers Thompson and Hayner approached Plaintiff to find out what he was going to say to the meeting, and whether Plaintiff wanted to talk about any of his concerns before he met with the Board.

43. Plaintiff declined Thompson's and Hayner's offer to discuss matters before meeting with the Gemma Board.

44. Hayner then stated he and others saw what Plaintiff wrote on the Gemba Board, and Plaintiff's statements were embarrassing to Hayner and that Plaintiff should have come to Hayner first.

45. Plaintiff informed Hayner he did not know who Hayner was at which point Hayner responded he found that hard to believe and called Plaintiff's statement was "bullshit."

46. Hayner then introduced himself to Plaintiff as Thompson's boss.

47. Plaintiff once again denied knowing who Hayner was.

48. At this point, Hayner stated he was familiar with race relations and discrimination because he lived in Georgia, near Macon, for 7 years.

49. Plaintiff found Hayner's comments curious since he did not know what living in Georgia had to do with understanding race relations.

50. Hayner concluded by saying he would toss Thompson's "ass right out of the building" if he found out that Thompson was treating people of color differently.

51. Thereafter, on February 7, 2019, Plaintiff did address the Gemba Board and expressed his concerns about the continuing instances of preferential treatment given to non-protected class (Caucasian) Pack Singles associates.

52. Hayner's "threats" regarding Thompson proved to be baseless, since beginning on or about February 11, 2019, Hayner himself also treated Plaintiff and other protected class (African American) Pack Singles associates differently.

53. Specifically, on April 1, 2 and 3, 2019, Plaintiff received disciplinary actions including, but not limited to, two write-ups and one warning as well as being put on probation until June 29, 2019. In his entire time at Amazon, Plaintiff never received any disciplinary

actions until after he began to participate in protected activities (i.e., Gemma Board and complaints of discrimination to McQuaige).

54. On June 17, 2019, Plaintiff went to Johnson to once again complaint about the lack of opportunities for protected (African American) pack singles associates in Indirect Roles.

55. Johnson informed Plaintiff his productivity rate the week before was 105% and his rate for the current week was 120%. She also informed Plaintiff he was cleared (i.e., no write ups) to go into indirect roles.

56. On the morning of June 24, 2019, Johnson assured Plaintiff his write ups are over but she needed to check one more thing at Human Resources to make absolutely certain Plaintiff was cleared to be considered for indirect roles.

57. Johnson returned to Plaintiff's work station on June 24, 2019 with "exciting news," that Human Resources confirmed that all Plaintiff's write ups were gone and he could start training for indirect roles. She also used her laptop to show Plaintiff the positive feedbacks he received.

58. Thereafter, Johnson and Plaintiff went to the company kiosk and looked at Plaintiff's applications for indirect role jobs. His applications were the same as they were when he applied in February 2019.

59. Finally, on June 24, 2019, Johnson stated Plaintiff should hear something by July 1, 2019 about training for the indirect roles and that she would continue to check the lists for his name. Johnson also stated she would tell Gargano about Plaintiff's intended training for indirect roles and if Gargano gave her any push back, Johnson would state there was no reason to prevent Plaintiff from working indirect.

60. Then, on the morning of July 2, 2019, Johnson approached Plaintiff at his morning work station (line 4 station 17) about alleged "off task" times from Monday, July 1, 2019.

Plaintiff expressed that he felt he was being targeted by managers Jairaj Vorg ("Vorg")(Southeast Asia Indian), Gargano and Michael Dudley ("Dudley")(Caucasian) because of his complaints raised at the Gemba Board, i.e., African American Pack Singles Associates not being treated fairly with the indirect roles. Johnson responded she could "see what is going on."

61. Johnson further stated she was getting ready to start Plaintiff with training for an indirect role and these new allegations would change everything. Johnson also stated that "they" (Vorg, Gargano, and Dudley) like to play games, and that she was going to tell them to "drop this and move forward."

62. Later in the morning of July 2, 2019, Johnson returned to Plaintiff's work station. She met with Vorg and Gargano, and now there was another problem – the previous write up was still current and Plaintiff could not do any indirect roles. Plaintiff made a "Supportive Feedback" statement regarding the July 1, 2019 first written disciplinary action.

A true and correct copy of Plaintiff's July 2, 2019 Supportive Feedback statement is attached as Exhibit "B".

63. Amazon through it managers Hayner, Vorg, Gargano and Thompson retaliated against him for protected activity of making complaints to Human Resources representative McQuaige and participating in the Gemba Board where he further made complaints of protected class (African American) Pack Singles associates being treated differently than non-protected class (Caucasian) Pack Singles associates and such retaliation is based on race.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

## COUNT III
### Race Discrimination – Disparate Impact

64. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra*.

65. Amazon's policies and practices for rotating persons from Pack Singles department into Indirect Roles in Outbound Putback, IOL and SLAM areas is facially neutral requiring persons to not have any write-ups, productivity rates of at least 80% and apply for indirect roles through the company kiosk.

66. However, as applied, Employer's policies and practices adversely and disproportionally affect protected class (African American) Pack Singles Associates including, but not limited to, Plaintiff.

67. In the alternative, or in addition, Amazon fails and refuses to adopt alternative employment practices in a non-discriminatory manner as to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

## COUNT IV
### Race Discrimination – Hostile Work Environment

68. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra*.

69. Plaintiff is subject to severe, hostile and pervasive conduct by Employer's management personnel that affected his ability to do his job.

70. For example, Thompson told Plaintiff the Outbound Putback area was closed to Pack Singles associates, thereby not allowing Plaintiff to rotate into in Indirect Roles but requiring him to work in physically demanding and high stress Pack Singles area.

71. At the same time, non-protected (Caucasian) Pack Singles Associates Park, Ottens,

Wince, Brooks and Roettcher continued to work in Outbound Putback.

72. Further, Employer management continued to monitor Plaintiff excessively and assign him to non-functioning work stations without assistance of management taking him off-line to correct computer equipment, i.e., soft reboot card, thereby reducing his productivity ratings, *inter alia*. (*See* ¶¶ 60-62, *supra*)

73. Employer is aware of this conduct since the actions were initiated and/or maintained by EWR4 management personnel including, but not limited to, Gargano, Thompson and Hayner.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

## COUNT V
### Age and Gender Discrimination – Disparate Treatment

74. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra*.

75. Pack Singles Associates Park, Ottens and Winces are all females under the age of 40 years old.

76. Each one was treated more favorably than Plaintiff as averred, *supra* based on age and gender.

77. Mitchell is a female under the age of 40 years old.

78. On or about May 2019, Thompson informed Mitchell she was cleared for one of the Indirect Roles positions she and Plaintiff applied for in February 2019.

79. However, Thompson did not inform Plaintiff he also was cleared for any of the Indirect Roles positions he applied for in February 2019.

80. Plaintiff reasonably believes he continued to be denied Indirect Roles based on age and gender.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

### COUNT VI
### Age and Gender Discrimination – Retaliation

81. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

82. Plaintiff and Mitchell participated in substantially similar protected activity when they made complaints to McQuaige regarding lack of protected class (African American) Pack Singles Associates in Indirect Roles.

83. Furthermore, Plaintiff participated in Gemma Board.

84. Plaintiff reasonably believes as a result of his participation in these protected activities, he and not Mitchell is being retaliated against by receiving excessive and inappropriate disciplinary actions (i.e., write-ups, warnings and probations), thereby preventing him from being considered for Indirect Roles he applied for.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant Amazon in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**Respectfully submitted:**

**LAW OFFICE OF KARIN M. GUNTER**

/s/ Karin M. Gunter
Karin M. Gunter, Esquire
PA ID No.: 79852
85 Old Cedarbrook Road
Wyncote, PA 19095
Telephone: (215) 548-9992
Facsimile: (215) 548-7277
Email: Kgunterlaw2@gmail.com
Counsel for Plaintiff, Michael A. Upshaw

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michael Upshaw<br>8366 Fisher Road<br>Elkins Park, PA 19027 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-03851 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Janice R. Williamson*      11/26/2019

Janie R. Williamson,      (Date Mailed)
District Director

Enclosures(s)

cc:    **AMAZON**
Henry J. Ford, Jr. (For Respondent)
Attorney at Law
MORGAN LEWIS
1701 Market Street
Philadelphia, PA 19103

Karin M. Gunter, Esq. (For Charging Party)
LAW OFFICE OF KARIN M. GUNTER
85 Old Cedarbrook Road
Wyncote, PA 19095

**Exhibit "A"**

Acknowledged by associate on July 02, 2019, 11:44:43 AM - Delivered by Johnson,Annie (anthonej)

## Supportive Feedback Document
### Behavioral - First Written

amazon.com

Associate Name: Upshaw,Michael (upshawmi)
Manager Name: Johnson,Annie (DF6-0730)
Created On: July 02, 2019, 11:44:43 AM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback

| Level | Count | Most Recent |
|---|---|---|
| Documented Coaching | 1 | June 24, 2019, 4:27:58 PM |
| Final Written | 1 | April 03, 2019, 1:43:12 PM |

## Details of Current Incident/Specific Concerns

On the shift 7/01/2019, you were observed to be in violation of our 15 minute break policy by taking an extended break of 20:28 minutes during first break. This behavior is in violation of Amazon's Standards of Conduct and Attendance Policy. "Failure to adhere to starting time, quitting time, or break time policies", or "wasting time" and is considered to be a Category 2 violation of the Standards of Conduct. During the STU you stated you were Associate stated that had to wait for the water spider to fill the station up with boxes. Work was coming down slow. Associate observed multiple associates leaving their work stations early for break coming back right before the break and then clocking out for break and no one says anything to them. Stated that he feels like he is being targeted and that we are not being fare across the board. Associate feels like Jairaj and Mike Dudley are also targeting him as well when it comes to these write ups. I explained that the policy is from scan to scan when it comes to breaks. I also explained that he was the only one that was back from break late on that day and that after checking with the manager and PA the work was coming down. Associate is aware that this is the second doc coaching within 30 days and that is it going to be a first written.

## Areas of Improvement Required by Associate

Associate commitment to completing assigned tasks is critical in order to be Earth's most customer-centric company. As owners, we count on you to help achieve this mission. Your customers and teammates count on you to remain on task and complete your assigned job duties. For every scheduled ten hour shift, Amazon provides two 15 minute breaks, a 30 minute lunch period, two meetings at the start of shift and after lunch, and account for travel time between work areas. However, failure to adhere to start times, quitting times, or break time policies, as well as wasting time, will be addressed through performance management using coaching or corrective actions. This is a violation of the Amazon Standards of Conduct policy. It is important for you to understand that meeting task standards is a critical component of your job. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Further Standard of Conduct violations may result in corrective action, up to and including termination.

## Associate Comments

Associate Signature: Acknowledged by Upshaw,Michael (BadgeID: )  Date: July 02, 2019, 11:44:43 AM

Manager Signature: Acknowledged by Johnson,Annie (BadgeID: )  Date: July 02, 2019, 11:44:43 AM



Exhibit "B"

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael A. Upshaw
8366 Fisher Road, Elkins Park, PA 19027

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karin M. Gunter, Esquire
85 Old Cedarbrook Road
Wyncote PA 19095 (215) 548-9992

## DEFENDANTS

Amazon (EWR4)
50 New Canton Way, Robbinsville, NJ 08691

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights, ☐ 555 Prison Condition, ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981, 42 USC 2000e-1 and 29 USC 621

Brief description of cause:
Employment Discrimination based on race, gender and age

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 2/14/20
SIGNATURE OF ATTORNEY OF RECORD  /s/ Karin M. Gunter

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

FEB 14 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

20 8591

Address of Plaintiff: 8366 Fisher Road, Elkins Park, PA 19027
Address of Defendant: 50 New Canton Way, Robbinsville, NJ 08691
Place of Accident, Incident or Transaction: 50 New Canton Way, Robbinsville, NJ 08691

---

**RELATED CASE, IF ANY:**

Case Number _____  Judge _____  Date Terminated _____

Civil cases are deemed related when **Yes** is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 2/14/2020   _Karen M. Guetta_   79852
                  Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [X] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)*

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*
7. Products Liability
8. Products Liability - Asbestos
9. All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Karen M. Guetta, counsel of record or pro se plaintiff, do hereby certify

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

[ ] Relief other than monetary damages is sought

DATE: 2/14/2020   _Karen M. Guetta_   79852
                  Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

FEB 14 2020



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Michael A. Upshaw : CIVIL ACTION
v.
Amazon : NO. 20 859

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1.03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

2/14/2020        Kann M Gunter, Esq        Michael A. Upshaw
Date             Attorney-at-law           Attorney for Plaintiff
(215)548-9992    (215)548-7277             Kgunterlaw2@gmail.com
Telephone        FAX Number                E-Mail Address

(Civ 660) 10/02

FEB 14 2020